Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
(310) 388-5624 Fax
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff U2 Home Entertainment,, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| U2 HOME ENTERTAINMENT INC., dba CENTURY HOME ENTERTAINMENT, NEW IMAGE AUDIO & VIDEO AND TAISENG ENTERTAINMENT,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA LUONG, an individual doing business as M&R Video; YUEH YUN HUANG HO, an individual doing business as HWA HSIN ENTERTAINMENT; YUE YING WU, an individual doing business as CLASSIC ROMANCE COMPANY,<br><br>Defendants | Case No.: CV 07-07426 GW (Ex)<br><br>JUDGMENT PURSUANT TO STIPULATION AGAINST YUEH YUN HUANG HO, AN INDIVIDUAL DOING BUSINESS AS HWA HSIN ENTERTAINMENT |
|---|---|

Plaintiff U2 Home Entertainment, Inc., dba Century Home Entertainment, New Image Audio & Video and Tai Seng Entertainment ("Plaintiff") and

Defendant Yueh Yun Huang Ho, an individual doing business as Hwa Hsin Entertainment ("Defendant"), having generally appeared in the present action, submitted and consented to the jurisdiction of the Court, and having stipulated to the entry of Judgment and Permanent Injunction herein, and good cause appearing,

IT IS HEREBY ADJUDGED, DECREED AND ORDERED:

1.  Defendant, and each of her respective business premises wherever situated, her respective proprietors, partners, shareholders, officers, directors, agents, servants, employees, tenants, subtenants, assigns, and each of them, and all persons acting in concert and participation with her, are hereby permanently enjoined and restrained from infringing any and all of the respective copyright interests of Plaintiff in and to audio-visual programming distributed by Plaintiff (collectively "the Programs"), including, but not limited to all programs distributed on videocassette, VCD or DVD, or in any other medium, in the future by Plaintiff, by, among other things:

A. Importing, copying, reproducing, duplicating or otherwise acquiring and/or retaining all or any portions whatsoever of the Programs, whether on videocassette, Video Compact Disc (VCD), Laserdisc (LD), Digital Video Disc (DVD) or otherwise, and/or the packaging and promotional material therefor, including but not limited to labels, signs, prints, posters, packages, wrappers, advertisements, and other printed or duplicated material, unless the Program displays an authentic "Tai

Seng Entertainment" sticker signifying that the Program was originally purchased from Plaintiff.

B. Advertising, promoting, distributing, offering for sale or rent, or renting or selling, or otherwise exploiting the Programs, and/or videocassettes or any other forms of reproduction of the Programs, or any portion thereof, unless the Program displays an authentic "Tai Seng Entertainment" sticker signifying that the Program was originally purchased from Plaintiff, and/or

C. Permitting any person or entity within their control from doing any of the acts described above.

2. The Court shall have continuing jurisdiction to enforce this Judgment and Permanent Injunction.

3. The parties shall bear their own costs and attorneys' fees.

4. Service by mail of the present Judgment and Permanent Injunction on Defendants is deemed sufficient notice under Rule 65 of the Federal Rules of Civil Procedure. No acknowledgment of service in any form is required.

5. If any action or any other proceeding is brought to enforce the [Proposed] Judgment and Permanent Injunction, the prevailing party shall be entitled to recover its costs of suit, including reasonable attorneys' fees, incurred in bringing such action or other proceeding.

Date: Jan. 3, 2008

_____
Judge of the United States District Court